# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| JOSE A. PEREZ § | |
| § | |
| v. § | CIVIL ACTION NO. |
| § | 1:18-CV-00198-LY |
| PHYSICIAN ASSISTANT BOARD § | |
| and MARGARET K. BENTLEY, in § | |
| her official and personal capacities § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Defendants' Motion to Dismiss (Dkt. No. 9); Plaintiff's Response in Opposition (Dkt. No. 11); and Defendant's Reply Brief (Dkt. No. 12). The District Court referred the above motion to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. §636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

### I. GENERAL BACKGROUND

Plaintiff Jose A. Perez brings this suit *pro se* against the Texas Physician Assistant Board (PAB) and Margaret K. Bentley in her official and individual capacities (collectively "Bentley") seeking monetary and injunctive relief. Perez brings claims under 42 U.S.C. § 1983 for violations of his Fourteenth Amendment rights to substantive and procedural due process, and the Takings clause under both the Fifth Amendment of the United States Constitution and Texas Constitution Article I, section 17.[1]

---

[1] In his complaint, Perez also lists various anti-discrimination statutes, such as the Americans with Disabilities Act, Age Discrimination in Employment Act, and Title VII. However, none of these statutes were listed as claims. Instead, his three claims as listed include: class of one retaliation, ex post facto application of regulations, and takings. Accordingly, the Court will only consider the claims as identified by Perez.

Perez became a licensed physician's assistant in 1994. However, beginning in November 2011, the PAB began proceedings against Perez for alleged violations of the regulations governing physician's assistants. According to the PAB, Perez was allegedly rude to a patient and ended the visitation early, refusing to treat the patient. Perez claims that the disciplinary proceedings were solely to result in a $3,000 fine. On March 7, 2014, however, the PAB entered a default judgment against Perez for his failure to appear for a hearing and revoked his license. Perez maintains that he was not given notice of the hearing, and therefore that the default judgment is void. Perez further claims that the default judgment was entered as retaliation for his statements made to and about the PAB, as well as his lawsuits against them during the administrative proceedings. Finally, Perez claims that the regulations under which the PAB initiated the proceedings were ex post facto applications, and therefore violated his due process rights. As part of this claim, Perez claims (1) that the regulations that went into effect after he received his license in 1994 cannot be applied to him, and (2) that the regulations were not in effect at the time he saw the patient in question.

Perez has litigated this issue extensively. For example, Perez originally filed suit in state court against the Texas Medical Board and its director seeking to "quash" the order revoking his license and to be awarded compensatory and punitive damages under various provisions of the United States Constitution and Texas Constitution. *Perez v. Tex. Med. Bd.*, 2015 WL 8593555 (Tex. App.—Austin Dec. 10, 2015, pet. denied). The suit was dismissed because he should have brought suit against the Physician Assistant Board and not the Texas Medical Board. Much later, in March 2016, Perez brought suit against the PAB, but this was dismissed as untimely. *Perez v. Physician Assistant Bd.*, 2017 WL 5078003 (Tex. App.—Austin Oct. 31, 2017, no pet.) (Texas Supreme Court denied Perez's application for mandamus on January 12, 2018). Additionally, Perez filed a federal

case in 2013. Judge Sparks dismissed Perez's case under the Younger abstention doctrine as the administrative proceedings had not yet been completed. *Perez v. Tex. Med. Bd.*, No. 1:13-cv-152-SS, Dkt. Nos. 24 & 25 (W.D. Tex. May 28, 2018), *aff'd* 556 F. App'x 341 (5th Cir. 2014).

The PAB and Bentley now move to dismiss his claims for lack of subject matter jurisdiction and failure to state a claim.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject-matter jurisdiction as a defense to suit. Federal district courts are courts of limited jurisdiction, and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Assn. of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

### B. Rule 12(b)(6)

Rule 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also, Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The Supreme Court recently expounded on the *Twombly* standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2009). Finally, Although this Court construes the briefs of *pro se* litigants liberally, a *pro se* litigant must still comply with the court rules of procedural and substantive law. *Bird v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *See also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("whether the plaintiff is proceeding pro se or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (internal quotation marks and citations omitted), *cert. denied*, 537 U.S. 1200 (2003).

## III. ANALYSIS

Bentley moves to dismiss all of Perez's claims. First, she argues that Perez's claims are barred by the Eleventh Amendment and the *Rooker-Feldman* doctrine. Second, Bentley asserts that the statute of limitations has run on all of Perez's claims. Finally, she contends that Perez has failed to state a claim upon which relief may be granted. The Court will address each argument in turn.

### A. Eleventh Amendment Immunity

First, Bentley argues that the suit is barred under the Eleventh Amendment. The Eleventh Amendment precludes suits in which a state agency is named as a defendant. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The PAB is a state agency governed by state statute. *See* TEX. OCC. CODE § 204.101. Perez also admits that the PAB is a state agency in his pleadings. Dkt. No. 1 at 3. Thus, all claims against the PAB are barred. Eleventh Amendment immunity also includes suits against state officials when "the state is a real, substantial party in interest." *Id.* at 101–02. Here, Perez has brought suit against Bentley in both her official and individual capacity. Eleventh Amendment immunity, however, only applies to state officials when acting in their official, rather than individual, capacity. Thus, the Eleventh Amendment bar does not apply to Perez's individual capacity claims, and these may proceed.[2]

Additionally, there is a narrow exception to Eleventh Amendment immunity under *Ex Parte Young*, 209 U.S. 123 (1908), allowing a plaintiff to bring a suit for a violation of the Constitution or federal law when it is "brought against individual persons in their official capacities as agents of

---

[2]Though Perez nominally brings suit against Bentley in her individual capacity, it is not clear that Perez is actually seeking any relief against her personally. Rather, Bentley is named solely as the head of the PAB and not for any actions taken personally. Regardless, because the Court is recommending that the claims be dismissed under the statute of limitations, it need not address this point.

the state, and the relief sought [is] declaratory or injunctive in nature and prospective in effect." *Aguilar v. Tex. Dep't of Crim. Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). To decide if the *Ex Parte Young* exception applies, "a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011). Here, Perez brings suit against Bentley for claims of retaliation, equal protection, due process (procedural notice requirements and ex post facto), and takings under the Fourteenth Amendment and Texas Constitution. The Texas takings claim, as it does not arise under federal law, does not fall within the *Ex Parte Young* exception to the Eleventh Amendment. However, the remaining claims allege an ongoing violation of federal law.

Thus, the last question is whether the relief sought can be characterized as prospective. Perez asks the Court to enjoin Bentley "from preventing Mr. Perez from working as a physician assistant." Dkt. No. 1 at 11. Reading the complaint liberally, and taking into account the various claims alleged against Bentely, Perez appears to be requesting injunctive relief restraining Bentley from enforcing the allegedly unconstitutional revocation of his license. *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002) ("The prayer for injunctive relief—that state officials be restrained from enforcing an order in contravention of controlling federal law—clearly satisfies our 'straightforward inquiry.'"). These claims clearly request relief that is prospective in nature, and therefore fit squarely into the *Ex Parte Young* exception. Accordingly, Perez's federal claims against Bentley in her official and individual capacities are not barred under the Eleventh Amendment.

## B. Rooker-Feldman Doctrine

Next, Bentley argues that the *Rooker-Feldman* doctrine mandates dismissal of Perez's claims. This doctrine prevents state-court losers complaining of injuries caused by state-court judgments from inviting a district court's review and rejection of those judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). However, the *Rooker-Feldman* doctrine has no application to decisions by an administrative agency. *See Verizon Md.*, 535 U.S. at 644 n.3 ("The doctrine has no application to judicial review of executive action, including determinations made by a state administrative agency."). Here, Perez is not complaining of injuries caused by the state court judgments. Indeed, each of those judgments were collateral attacks on the decision on which he seeks review in this case, and were dismissed for lack of jurisdiction. He, therefore, does not seek review of these decisions, but rather solely the administrative decision to revoke his license. Accordingly, the *Rooker-Feldman* doctrine does not apply in this case.

## C. Statute of Limitations

Finally, Bentley asserts that Perez's claims are barred by the statue of limitations. Perez brings this suit under 42 U.S.C. § 1983. There is no federal statute of limitations for § 1983 actions. *Piotrowski v. City of Houston*, 51 F.3d 512, 514 n.5 (5th Cir. 1995); *Henson-El v. Rogers*, 923 F.2d 51, 52 (5th Cir. 1991), *cert. denied*, 501 U.S. 1235 (1991). Therefore, the Supreme Court has directed federal courts to borrow the forum state's general personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In Texas, the applicable limitations period is two years. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 1986)). Nevertheless, federal law determines when a § 1983 cause of action accrues. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). A cause of action under § 1983

accrues when the aggrieved party knows, or has reason to know of, the injury or damages which form the basis of the action. *Piotrowski*, 51 F.3d at 516.

Here, Perez has stated that his license was revoked on March 7, 2014. Each of his claims relate to events that occurred up to and including the revocation, but nothing after. Thus, the statute of limitations would have run on his claims on March 7, 2016, nearly two years before he filed this suit. However, Perez appears to also argue that the statute of limitations should be tolled.[3] In support, Perez argues that there are two circumstances that allow for equitable tolling: (1) "if he shows . . . that he has been pursuing his rights diligently, and . . . that some extraordinary circumstance stood in his way," and (2) "the administrative agency decision is void because . . . the administrative agency lacked subject matter or personal jurisdiction over the case and . . . the administrative agency acted in a matter contrary to due process." Dkt. No. 11 at 2. Perez appears to argue that because (1) he "diligently pursued" this matter in state court, or (2) he is alleging due process violations, that his suit should be equitably tolled. These arguments fail for several reasons.

First, in support of his second issue, Perez incorrectly cites to two Fifth Circuit cases. *Jackson v. FIE Corp.*, 302 F.3d 515 (5th Cir. 2002); *Carter v. Fenner*, 136 F.3d 1000 (5th Cir. 1998). Each of these cases addressed when a judgment may be set aside under FED. R. CIV. P. 60. Neither addressed when equitable tolling should be permitted for a § 1983 claim. Nor could the Court find any cases suggesting that because a plaintiff alleged a claim for procedural due process that the suit should be tolled. Thus, this argument fails.

---

[3]Equitable tolling, like the limitations period, is governed by state law. *Moore v. El Paso Cty., Tex.*, 660 F.2d 586, 590 (5th Cir. 1981). Thus, Texas law applies in this case.

Similarly, Perez's first point fails. Once again, Perez cites to a case that is not directly on point. In *Holland v. Florida*, 560 U.S. 631 (2010), the Supreme Court was actually addressing tolling of the Antiterrorism and Effective Death Penalty Act (AEDPA), not § 1983. Even assuming that the same principle applied in this context, Perez has failed to allege any "exceptional circumstances." In fact, the only circumstances he has asserted to explain his delay in filing this suit is that he was pursuing state remedies. Pendency of related state court cases—that Perez filed incorrectly, no less—are clearly not exceptional circumstances. *See, e.g.*, *Perez v. Tex. Med. Bd.*, 2015 WL 8593555 (holding that Perez sued the wrong defendant); *Perez v. Physician Assistant Bd.*, 2017 WL 5078003 (finding Perez's appeal of the administrative decision untimely). It is more likely that Perez is arguing that because he was pursuing his remedies in state court, he was unable to file a federal law suit. While this might have been true while an *appeal* of the state administrative decision was pending,[4] it is not true for any later-filed lawsuits. *See McClellan v. Carland*, 217 U.S. 268, 282 (1910) ("The rule is well recognized that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . ."). Here, Perez failed to file an appeal of the administrative decision, instead filing multiple separate lawsuits. *See, e.g.*, *Perez v. Tex. Medical Bd.*, 2015 WL 8593555 (noting that although Perez would have had the opportunity for judicial review of the administrative decision, he filed suit against the wrong entity); *Perez v. Phys. Assistant Bd.*, 2017 WL 5078003(dismissing the suit as untimely, stating that

---

[4]*See Younger v. Harris*, 401 U.S. 37 (1971) (federal court should not enjoin state criminal prosecution when party has an adequate remedy at law and will not suffer irreparable injury); *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982) (extending application of the *Younger* abstention doctrine to state bar disciplinary proceedings); *see also Perez v. Tex. Medical Bd.*,5566 F. App'x 341 (5th Cir. 2014) (dismissing suit under the *Younger* abstention doctrine during pendency of the administrative proceeding).

"[t]he record conclusively established that Perez did not bring this suit against the Board until 2016, well after the thirty-day statutory deadline for bringing suit for review of the 2014 order"). These separate lawsuits, though allegedly bringing the same claims, cannot be the basis for equitable tolling. Accordingly, Perez's claims under § 1983 are barred by the statute of limitations.

### D. Texas Takings Claim

Lastly, because this Court is recommending dismissal of Perez's federal constitutional claims, this Court does not have jurisdiction over his remaining state law takings claim, and need not address the merits.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendants' Motion to Dismiss Under Rule 12(b)(1) and (b)(6) (Dkt. No. 9). The undersigned **FURTHER RECOMMENDS** that the District Court **DENY** all other pending motions as MOOT.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 7th day of September, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE